NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA EMILIA MURCIA
GUTIERREZ; ASHLEY MICHELLE
MEJIA MURCIA,

        Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 22-1920

Agency Nos.
A209-482-417
A209-482-418

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2024**
Pasadena, California

Before: WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

Maria Emilia Murcia Gutierrez and her minor daughter (collectively

"Petitioners") are natives and citizens of El Salvador. They petition for review of a

---

     \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision by the Board of Immigration Appeals affirming the Immigration Judge's denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Even assuming that the extortion by gang members rose to the level of persecution or that Petitioners established a well-founded fear of future persecution, Petitioners fail to demonstrate any nexus to membership in a cognizable particular social group.  Substantial evidence supports the agency's determination that Petitioners' proposed social group—"women who are targets of gang violence and extortion due to having minor children who are vulnerable to being raped, killed, or kidnapped"—lacks social distinction.  *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1181 (9th Cir. 2021).  Petitioners have not pointed to any "evidence showing that society in general perceives, considers, or recognizes" the members of their proposed group as a group.  *Id.* at 1180–81 (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 217 (BIA 2014)).  Accordingly, we deny the petition as to the asylum and withholding of removal claims.

---

[1] The BIA affirmed the decision of the Immigration Judge ("IJ") without opinion, so we review the IJ's decision as if it were the BIA's decision. *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023).  We refer to the BIA and IJ collectively as the "agency."

Substantial evidence also supports the agency's determination that Petitioners are ineligible for CAT protection. The record does not compel the conclusion that it is more likely than not that Petitioners will be tortured if they return to El Salvador given that Petitioners were never subject to any physical harm and that their immediate family members have lived in relative safety in El Salvador—closer to the center of the city than Petitioners did—without any incidents with gangs. *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (stating standards for CAT protection); *Aguilar Fermin v. Barr*, 958 F.3d 887, 893 (9th Cir. 2020) (explaining that an applicant's ability to relocate within the country is relevant to the CAT inquiry). Accordingly, we deny the petition as to the CAT claim.

**PETITION DENIED.**